UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA LYN COLEMAN,

    Plaintiff,

v.                                        Case No.:  2:25-cv-51-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Jessica Lyn Coleman seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**     **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on November 12, 2021, alleging disability beginning on May 11, 2021. (Tr. 87, 174-75). The application was denied initially and on reconsideration. (Tr. 87, 96). Plaintiff requested a hearing, and on May 1, 2024, a hearing was held before

Administrative Law Judge Raymond Rodgers ("ALJ"). (Tr. 52-85). On June 3, 2024, the ALJ entered a decision finding Plaintiff not under a disability from May 11, 2021, through the date of the decision. (Tr. 10-27). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 25, 2024. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on January 21, 2025, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 11, 2021, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "myasthenia gravis; polymyositis; degenerative disc disease lumbar spine; degenerative [disc] disease of the cervical spine; asthma; and obesity." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant maintains the following residual functional capacity: lift/carry 10 pounds occasionally and 5 pounds frequently; sit for six hours in an eight hour workday; stand and or walk for two hours in an eight hour workday; occasional climbing of ramps or stairs, but no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent handling and fingering; must avoid concentrated exposure to pulmonary irritants such as fumes, dusts, odors, and gases; and no exposure to hazardous machinery or unprotected heights.

(Tr. 16).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a general duty nurse, private duty nurse, sales agent in real estate, and housekeeper/cleaner. (Tr. 25-26). At step five, the ALJ found that considering Plaintiff's age (41 years old on the alleged onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Charge Account Clerk, DOT[1] 205.367-014, sedentary

(2) Order Clerk Food and Beverage, DOT 209.567-014, sedentary

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

  (3) Callout Operator, DOT 237.367-014, sedentary

(Tr. 26-27). The ALJ concluded that Plaintiff had not been under a disability from May 11, 2021, through the date of the decision. (Tr. 27).

## II. Analysis

On appeal, Plaintiff raises one general issue that contains sub-issues. Plaintiff's general issue is whether the ALJ erred in failing to account for the total limiting effects of Plaintiff's impairments and the resulting decision is not supported by the evidence. (Dov. 11, p. 1). Withing this issue, Plaintiff raises two issues:

  (1) Whether the ALJ properly considered the statements and opinions of Dr. Fernandez, Dr. Szabo, Dr. Weiss, and Nurse Practitioner Ferrentino; and

  (2) Whether the ALJ properly considered Plaintiff's subjective complaints.

(Doc. 11).

### A. Medical Statements and Opinions

Plaintiff contends that the ALJ did not properly consider the medical opinions of Dr. Fernandez, Dr. Weiss, and Dr. Szabo because he "lump[ed]" their opinions together. (Doc. 11, p. 14-15, 18). Plaintiff claims the ALJ did not separately analyze the persuasiveness of each opinion. (Doc. 11, p. 18). Plaintiff also argues that the ALJ erred in finding APRN Ferrentino's opinion to be unpersuasive. (Doc. 11, p. 18-20). The same legal standard applies to all of these medical opinions.

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Plaintiff contends that the ALJ erred in combining his findings for Luis Ferandez, M.D., Allan Weiss, M.D., and Zsofia Szabo, M.D. (Doc. 11, p. 18).

Plaintiff claims that the ALJ did not make specific persuasiveness findings as to each opinion. (Doc. 11, p. 18). Rather, Plaintiff claims the ALJ made conclusory statements and inaccurately recited Plaintiff's activities of daily living. (Doc. 11, p. 18).

The Commissioner argues that regulations do not require an ALJ to consider each medical opinion separately. (Doc. 13, p. 9). The Commissioner claims the ALJ considered these medical opinions and found them not persuasive because they were not adequately supported by these sources' own examinations and were inconsistent with other medical evidence of record, such as objective testing and inconsistent with Plaintiff's activities of daily living. (Doc. 13, p. 9). Thus, the ALJ properly articulated the persuasiveness of these opinions. (Doc. 13, p. (9).

The Court agrees that an administrative law judge is not required to articulate the persuasiveness of each medical source opinion separately. Nonetheless, an administrative law judge is required to articulate the persuasiveness of medical opinions, including at a minimum the supportability and consistency of the opinions. Here, the ALJ failed to meet this requirement.

In the decision, the ALJ correctly found Plaintiff's physicians' opinions that she was unable to work due to multiple medical concerns to be unpersuasive. (Tr. 24). Opinions on issues reserved to the Commission "are not medical opinions." 20 C.F.R. § 404.1527(d). Examples of issues reserved to the Commissioner include,

"[a] statement by a medical source that you are 'disabled' or 'unable to work.'" 20 C.F.R. § 404.1527(d)(1). The Commissioner will "not give any special significance to the source of an opinion on issues reserved to the Commissioner," which would include Plaintiff's physicians' opinions on the issues of employability. 20 C.F.R. § 404.1527(d)(3).

The ALJ also considered certain statements or opinions by various physicians from 2022 and 2023. (Tr. 25). These opinions limited Plaintiff to: walking for one hour or less; either never lifting or carrying any amount of weight or lifting and carrying only 10 pounds intermittently; and limiting her ability to reach, twist, bend, and stoop. (Tr. 25). The ALJ determined:

> The undersigned does not find these opinions persuasive, as they are not supported by the physical examinations performed by the claimant's family physician, her pulmonologist, her cardiologist, the consultative examiner, and her neurologist. The opinions over not supported by findings of normal motor strength and tone, normal gait and stance, lack of neurological deficits, generally normal respiratory examinations, and generally normal cardiovascular examinations. The opinions are also inconsistent with and unsupported by the diagnostic imaging and testing of record. Lastly, the undersigned finds the opinions are inconsistent with the claimant's activities of daily living. The claimant reported she cares for her dogs, she performs household chores, she prepares meals, she tends to her personal care needs, she drives and goes out alone, she shops in stores, she uses a computer, she manages her finances, she socializes, she spends time watching television, and she goes out to eat (Hearing testimony and Exhibits 2E, 6E, and 16E).

(Tr. 25).

The ALJ's analysis of some of the evidence used to discount these physicians' opinions is problematic. For example, the ALJ acknowledged that throughout the relevant period, Plaintiff complained of having shortness of breath and was diagnosed with this impairment as well. (Tr. 17, 18, 19, 23 (continued to have difficulties breathing; reported shortness of breath; diagnosed with shortness of breath; assessed with chronic shortness of breath)). The ALJ found the limitations caused by this impairment unsupported based on "generally normal respiratory examinations." (Tr. 25). The ALJ emphasized that the physicians' examinations showed Plaintiff's lungs were negative for wheezing, rales, crackles, or rhonchi and her pulmonary function tests were normal. (Tr. 18, 21, 22, 23, 24, 25). At the same time, the ALJ mentioned that the pulmonologist was "equivocal" about whether shortness of breath was a diaphragm issue. (Tr. 23).

The ALJ was correct that on examination the pulmonologist found Plaintiff had no wheezing, rales, crackles, or rhonchi, had normal breath sounds, and good air movement. (Tr. 1177, 1181, 1287). At the same time, the pulmonologist recognized that Plaintiff's pulmonary function test results showed reduced MIP (maximal inspiratory pressure) and MEP (maximal expiratory pressure). (Tr. 1178, 1182, 1185, 1287). The pulmonologist also recognized that Plaintiff suffered from dyspnea or shortness of breath, but attributed it most likely to her neuromuscular problems and myositis, not to her lungs having wheezing or rales. (Tr. 1178, 1182, 1287).

Thus, the specialist found Plaintiff had shortness of breath problems, had irregular portions of the pulmonary function test, and attributed these issues to something other than the lungs themselves. The pulmonologist's examinations supported his diagnosis of shortness of breath and supported Plaintiff's reports of shortness of breath.

Likewise, the ALJ relied on the consultative examination to find the pulmonologist's opinion was inconsistent with other medical evidence of record. (Tr. 25). In reviewing the consultative examiner's report, the ALJ noted that Plaintiff's lungs were clear to auscultation and negative for rales, rhonchi, or wheezing. (Tr. 21). Even though the consultative examiner made these findings, he also made multiple attempts to test the severity of Plaintiff's asthma, but Plaintiff was unable to complete the tests "secondary to shortness of breath." (Tr. 1269). The ALJ mentioned the consultative examiner's clinical impression of asthma, but failed to mention that due to shortness of breath, Plaintiff could not complete any tests related to this impairment.

Finally, the ALJ discounted Plaintiff's treating physicians' opinions based on Plaintiff's activities of daily living. (Tr. 24). The ALJ noted that Plaintiff cares for her dogs, performs household chores, prepares meals, tends to personal care, drives, goes out alone, shops in stores, uses a computer, manages finances, socializes, watched television, and goes out to eat. (Tr. 24). On closer examination, Plaintiff

reported performing these activities, but with limitations. For instance, she reported taking care of her dogs by letting them out in backyard but is no longer able to take them for walks. (Tr. 67, 210, 242, 283). She reported she does very little cooking, mainly making sandwiches, cooking an egg, or eating leftovers. (Tr. 211, 243, 284). As for household chores, Plaintiff reported that she may fold a small amount of laundry, wipe counters, and load the dishwasher but must take breaks throughout the day. (Tr. 212, 243, 284). She also reported that she goes shopping, but may have someone with her to help. (Tr. 214, 245, 285). The ALJ did not explain how Plaintiff's limitations in performing activities of daily living are inconsistent with the physicians' opinions.

The Court recognizes it may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Here, by the ALJ failing to provide sufficient reasons to find every treating physicians' opinion to be unsupported by their own medical records and inconsistent with other medical evidence, the Court cannot conduct a meaningful review and determine whether substantial evidence supports the ALJ's decision on the persuasiveness of these opinions. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful

review."). Thus, this matter requires remand to reconsider the medical evidence of record.

### B. Remaining Issue

Plaintiff also challenges whether the ALJ properly considered Plaintiff's subjective statements. Rather than deciding this issue, because this action is remanded on other grounds that may affect the remaining issue, on remand, the Commissioner is directed to reconsider this issue as well.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the persuasiveness of the medical opinions and Plaintiff's subjective statements. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 26, 2026.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties